DLM

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

C.A. NO. 2007-

Michael P. and Karen P. as Parents and Next Friends of
Mark P., a minor,
*Plaintiffs*

CA 07 376 T

vs.

Barrington School Department and Dean M. Huff
In his capacity as Finance Director for the Town of
Barrington,
*Defendants*

**COMPLAINT**

1. Plaintiffs Michael P. and Karen P. are residents of the Town of Barrington, Bristol County, Rhode Island, and are the parents of Plaintiff Mark P., a minor, who resides with them in the Town of Barrington.

2. Defendant Barrington School Department is a Local Education Agency as that term is used in law. Defendant has a place of business at Barrington, Bristol County, Rhode Island.

3. Defendant Dean M. Huff is the Treasurer of the Town of Barrington as that term is used in R.I. Gen. L. sec. 45-15-5. Barrington is Town located in Bristol County, Rhode Island.

4. This Court has jurisdiction over this matter pursuant to 20 U.S.C. sec. 1415.

5. Mark P. was born on April 21, 1996. Mark has been identified as pursuant to the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. sec. 1400, et seq., as "other health impaired," 20 U.S.C. sec. 1401(3)(A)(i).

1

6. Pursuant to IDEA, Defendant Barrington School Department is required to provide Mark P. with a "free and appropriate public education" (FAPE).

7. The educational placement provided by Defendant Barrington School Department for Mark P. does not constitute a "free and appropriate public education." As a proximate result of the inadequacy of the education offered by Defendant Barrington School Department, prior to the 2004-05 school year, Plaintiffs Karen P. and Michael P. rejected the Barrington School Department's proposed Individual Education Plan (IEP) for Mark P., removed Mark P. from the Barrington Schools, and enrolled him in the Wolf School in East Providence.

8. By letter dated on or about August 10, 2004, Plaintiffs Karen P. and Michael P. notified the Barrington School Department of their rejection of Mark's IEP and of their intent to enroll Mark in Wolf School at public expense. Defendant Barrington School Department has refused to pay the expenses of Mark P.'s education at the Wolf School and have thereby deprived him of a Free and Appropriate Public Education.

9. The Wolf School is a placement that is appropriate to meet the needs of Mark P.

10. On or about June 15, 2007 Plaintiffs Karen P. and Michael P. requested a due process hearing in connection with Mark P.'s educational needs. That hearing was commenced during the month of July 2007 and closed on August 14, 2007. On September 10, 2007 the Rhode Island Department of Education hearing officer, Arthur G. Capaldi, Esq., issued a decision finding that the Barrington School Department's IEP for 2004-05 provided Mark P. with a free and appropriate public education. The hearing officer did not reach the question whether placement at the Wolf School was appropriate.

11. Plaintiffs are aggrieved by the decision of the hearing officer and hereby appeal said decision to this court pursuant to 20 U.S.C. sec. 1415.

12. Plaintiffs say that the decision of the hearing officer is the result of erroneous findings of fact and rulings of law, which findings of fact and rulings of law must be reversed by this court.

13. As a direct and proximate result of the Barrington School Department's failure to provide Mark P. with a free and appropriate public education, Plaintiffs Karen P. and Michael P. have expended substantial funds in the form of tuition and related expenses for Mark P. at the Wolf School, and have likewise expended substantial funds in the form of attorneys' fees, costs, and related litigation expenses.

14. The within complaint is filed timely pursuant to 20 U.S.C. sec. 1415.

WHEREFORE, Plaintiffs respectfully pray for the following relief in this Court:

A. That the Plaintiffs be permitted to present additional evidence in this Court in support of their appeal;

B. That the erroneous factual findings of the hearing officer be reversed;

C. That the erroneous legal rulings of the hearing officer be reversed;

D. That this Court declare that the Defendant Barrington School Department has failed to provide Mark P. with a free and appropriate public education;

E. That this Court declare that the Wolf School is an appropriate placement for Mark P.;

F. That the Defendant Barrington School Department be ordered to provide Mark P. with a free and appropriate public education by bearing the cost of his attendance at the Wolf School;

G. That the Defendant Treasurer of the Town of Barrington be ordered to pay to the Plaintiffs Karen P. and Michael P. an amount equal to all tuition, costs, and related expenses that they have paid to the Wolf School from September 2004 to the time when this case is decied;

H. That the Defendant Treasurer of the Town of Barrington be ordered to pay the Plaintiffs Karen P. and Michael P. all attorneys fees, costs and related expenses that they have been forced to expend as a result of the failure of the Barrington School Department to provide Mark P. with a free and appropriate public education;

I. Such further relief as the Court deems just.

Respectfully submitted,

PLAINTIFFS,
By their Attorney:

Thomas More Dickinson (R.I. S. Ct. No. 2520)
Law Office of Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918
Email: tmd@appealRI.com

Date: October 10, 2007