UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C.A. NO. 07-376ML

Michael P. and Karen P. as Parents and Next Friends of
Mark P., a minor,
*Plaintiffs*

vs.

Barrington School Department and Dean M. Huff
In his capacity as Finance Director for the Town of
Barrington,
*Defendants*

**PLAINTIFFS' MOTION FOR LEAVE TO PRESENT ADDITIONAL EVIDENCE**
**[20 U.S.C. sec. 1415(i)(2)(C)(ii)]**

Now come the Plaintiffs, by their attorney, and move for leave to present additional evidence in this Court in support of their appeal as provided in 20 U.S.C. sec. 1415(i)(2)(C)(ii). Plaintiffs say that they were deprived of an opportunity to present such evidence at the due process hearing conducted by the Defendants, and that this evidence is important to this Court's determination of the within appeal. In particular, Plaintiffs desire to present evidence with regard the potential bias, and inaccurate testimony of an expert witness who testified at the request of the Defendants at the due process hearing.

The bases for this motion are set forth more fully in an accompanying memorandum of law.

WHEREFORE, Plaintiffs respectfully move for leave to present additional evidence as provided in 20 U.S.C. sec. 1415(i)(2)(C)(ii).

RESPECTFULLY SUBMITTED,

PLAINTIFFS,
By their Attorney:

/s/Thomas More Dickinson__________________

Thomas More Dickinson (R.I. S. Ct. No. 2520)
Law Office of Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918
Email: tmd@appealRI.com

CERTIFICATION

I hereby certify that the within document was served upon all parties hereto via this Court's electronic filing system.

Attorney John R. Mahoney
155 S. Main St.
Providence, RI 02903

PLAINTIFFS,
By their Attorney:

/s/Thomas More Dickinson
Thomas More Dickinson (R.I. S. Ct. No. 2520)
Law Office of Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918
Email: tmd@appealRI.com

Date: January 22, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C.A. NO. 07-376ML

Michael P. and Karen P. as Parents and Next Friends of
Mark P., a minor,
*Plaintiffs*

vs.

Barrington School Department and Dean M. Huff
In his capacity as Finance Director for the Town of
Barrington,
*Defendants*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PRESENT ADDITIONAL EVIDENCE**
**[20 U.S.C. sec. 1415(i)(2)(C)(ii)]**

Factual and Procedural Background. This case is before the Court on the motion of the Plaintiff for leave to present additional evidence as permitted in 20 U.S.C. sec. 1415(i)(2)(C)(ii). This case is an appeal pursuant to the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. sec. 1400, et seq. The case involves a claim by the parents of Mark P. that he is not being provided with a free and appropriate public education (FAPE) by the Defendant Barrington School Department.

Mark P. (dob Apr. 21, 1996) has been diagnosed with a neurobehavioral disorder and a significant apraxic disorder that manifests not only in speech and language issues but also in problems with cognition. Prior to the 2004-05 academic year, Mark's parents rejected the IEP prepared by Barrington and transferred him to the Wolf School. Mark's parents timely requested a due process hearing in order to require Barrington to pay the cost of his tuition pursuant to the IDEA. The hearing commenced before Hearing Officer Arthur Capaldi, Esq., in July 2007 and closed on August 14, 2007.

<u>Additional Evidence Sought to be Introduced.</u> Plaintiffs desire to present evidence in this Court with regard to the potential falsehood of the hearing testimony of the expert witness who testified on behalf of the Barrington School Department.

One of the witnesses at the hearing was Terry Harrison Goldman, a psychologist who testified as a witness on behalf of the Defendant Barrington School Department. Although Harrison Goldman had previously seen Mark in a clinical setting, her testimony at the hearing was presented not by Mark's parents but by the Town of Barrington on the issue of FAPE. During the course of Harrison Goldman's direct testimony, the following exchange occurred:

Q [By counsel for the Barrington School Department] Do you have any affiliation or connection with the Barrington School Department?

A No.

Q Have you ever been asked to come into a school and work with any student in the Barrington System?

THE WITNESS: By Barrington?

[COUNSEL FOR BARRINGTON]: By Barrington?

A <u>No</u>.

Aug. 1, 2007 Transcript at 46. After the hearing was closed, counsel for the Plaintiffs learned from the Barrington School Department that – contrary to Harrison Goldman's hearing testimony – Harrison Goldman had indeed done neuropsych evaluations on Barrington students at the request of the school department, and that she had been directly compensated by the Barrington School Department for those evaluations. This information was promptly transmitted to the Hearing Officer (with a copy to counsel for

Barrington) in the form of an email, a copy of which is appended to the Hearing Officer's decision. In the email communication, counsel requested an opportunity to conduct post-hearing discovery in order to determine the extent of payments that Barrington had made to Harrison Goldman in order to explore the issue of bias. Barrington objected to the request, and the Hearing Officer denied it and based his decision on Harrison Goldman's testimony.

Plaintiffs submit that the issue of witness bias is highly relevant to a determination of credibility. Barrington sought to persuade the Hearing Officer to accept Harrison Goldman's testimony on the ultimate issue of FAPE. If, as it appears, Harrison Goldman had an ongoing relationship with Barrington about which she lied, that is a factor that must be considered in determining whether to accept her testimony. It was Barrington's own attorney who introduced this issue at the hearing by eliciting testimony from Harrison Goldman regarding her relationship with Barrington, testimony that now appears subject to serious doubt.

The Statute Permits Plaintiffs to Introduce Additional Evidence. This case is before this Court pursuant to 20 U.S.C. sec. 1415, which provides in pertinent part:

> In any action brought under this paragraph, the court--
>
> (i) shall receive the records of the administrative proceedings;
>
> (ii) shall hear additional evidence at the request of a party; and
>
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. sec. 1415(i)(2)(C) (emphasis added).

The First Circuit has recognized that this statute specifically permits supplementation of the administrative record in the District Court. Town of Burlington v.

Department of Education, 763 F.2d 773 (1st Cir. 1984). Although characterizing the District Court's reception of additional evidence as "discretionary," the First Circuit identified the following factors that must be weighed in determining whether to receive additional evidence:

> The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

Id. at 790. In this case the Hearing Officer precluded the Plaintiffs from obtaining evidence with regard to the bias of Harrison Goldman. Such evidence would plainly have been admissible on cross-examination, and had counsel obtained it after the hearing, it would have formed the basis for a motion to re-open. The issue, moreover, was introduced into the hearing by Barrington's own attorney, who sought to establish on direct examination that Harrison Goldman had no relationship with Barrington. Since its own attorney asked the question, Barrington could scarcely claim at this point that the inquiry was not relevant to Harrison Goldman's credibility.

The central question in this case was whether or not Mark was receiving Free and Appropriate Public Education within the Barrington Schools. Barrington offered the testimony of Harrison Goldman to substantiate its position at the hearing. Barrington introduced into the hearing the issue of Harrison Goldman's relationship with the Town in an effort to bolster her credibility. When, after the hearing, Plaintiffs' counsel learned that Harrison Goldman had not been truthful on this point, she took necessary steps to obtain evidence on the issue so that it could be presented. The Hearing Officer

erroneously rebuffed this effort. This Court must, therefore, permit the Plaintiffs to obtain the evidence that the Hearing Officer denied them and allow this evidence to be presented in this Court's review pursuant to the statute.

Conclusion. For the foregoing reasons, and for such additional reasons as may appear at the oral hearing of this matter, the within motion must be granted.

RESPECTFULLY SUBMITTED,

PLAINTIFFS,
By their Attorney:

/s/Thomas More Dickinson
Thomas More Dickinson (R.I. S. Ct. No. 2520)
Law Office of Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918
Email: tmd@appealRI.com

CERTIFICATION

I hereby certify that the within document was served upon all parties hereto via this Court's electronic filing system.

Attorney John R. Mahoney
155 S. Main St.
Providence, RI 02903

PLAINTIFFS,
By their Attorney:

/s/Thomas More Dickinson
Thomas More Dickinson (R.I. S. Ct. No. 2520)
Law Office of Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918
Email: tmd@appealRI.com

Date: January 22, 2008