UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL P. and KAREN P.
As Parents and Next Friends of
Mark P., A Minor

VS. C.A. NO.: 2007-376-ML

BARRINGTON SCHOOL DEPARTMENT and
DEAN M. HUFF, In His Capacity as Finance
Director for the Town of Barrington

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO PRESENT ADDITIONAL EVIDENCE

## I. FACTUAL BACKGROUND

A special education due process hearing involving the parties commenced before Hearing Officer Arthur Capaldi on July 25, 2007. Additional days of hearing continued on August1, 2, 3, 7 and 14, 2007. In lieu of closing arguments the parties agreed, with permission from the hearing officer, to submit legal memoranda. The memoranda were due and in fact received by the hearing officer on or before August 31, 2007. By agreement of the parties, the hearing officer's decision was extended to September 8, 2007.

On September 4, 2007 the plaintiffs' previous attorney, Kathleen Hagerty, sent an e-mail to the hearing officer advising him that she had contacted a secretary in the Barrington Special Education Department with regard to whether a witness at the hearing, Dr. Terry Harrison Goldman, had performed neuropsych evaluations of Barrington students and been compensated directly by the Town. The secretary in the Special Education Department allegedly advised Attorney Hagerty that Dr. Harrison Goldman had performed such services prior to the hearing in issue. Attorney Hagerty then requested that a subpoena issue to the Special Education

Department to subpoena evidence of any payments made by the Town to this witness or her employers with regard to providing the aforementioned neuropsychological evaluations.

The hearing officer denied the parents' request for the issuance of a subpoena in an e-mail dated September 5, 2007. On or about September 10, 2007 Hearing Officer Capaldi rendered a twenty-three (23) page written decision finding that the Town of Barrington did provide an appropriate education to the involved student.

The decision of Hearing Officer Capaldi is attached hereto and marked as "Exhibit A". The factual background regarding Dr. Harrison Goldman's testimony is not in dispute. Dr. Harrison Goldman is a neuropsychologist who examined the plaintiffs' child and performed a full examination upon him prior to the hearing. Dr. Harrison Goldman attended an IEP meeting involving the child in the Town of Barrington in June, 2003. It was the child's parents who had hired Dr. Harrison Goldman to do the evaluations that she ultimately performed prior to this hearing.

At the time Dr. Harrison Goldman testified on August 1, 2007 she testified as part of the Town of Barrington's presentation of evidence. Dr. Harrison Goldman's opinion was that the child was receiving an appropriate education provided by the Town.

The pertinent testimony of Dr. Harrison Goldman that is at issue in this motion appears on Page 46 of the transcript, a copy of which is attached and marked as "Exhibit B". The memorandum of the moving party only sites a portion of the doctor's testimony that appeared on "Exhibit B". Dr. Harrison Goldman was asked the following questions:

Q: Have you ever been asked to come into a school and work with any student in the Barrington system?

A: By Barrington?

Q: By Barrington.

A: No.

Q: Have you ever worked with Barrington students in addition to Mark?

A: Oh, yes.

The plaintiff now alleges that this testimony was intentionally deceitful and that, pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii), the plaintiffs should be allowed to subpoena records from the Town of Barrington with regard to previous work that Dr. Harrison Goldman may have performed for the Town alleging that such evidence would impeach the aforesaid testimony given by this expert at the hearing.

II. APPLICABLE LAW

The issue before the court is whether 20 U.S.C. § 1415(i)(2)(C)(ii) applied to the facts of this dispute warrants the issuance of a subpoena to the Town of Barrington School Department requiring someone from the Town to produce any and all evidence of payments made by the Town of Barrington to this doctor or her employers.

> We believe that the key to the review authorized by the Act lies in the additional evidence clause. We construe "additional" in the ordinary sense of the word, (cite omitted) to mean supplemental. Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of "additional". Town of Burlington v. Department of Education for the Commonwealth of Massachusetts, Et Al, 736 F.2d 773, 790 (1984).

Although the Federal District Court is clearly empowered to consider supplemental evidence that may have improperly been excluded at the time of the hearing, that power is not all encompassing. The starting point for determining what additional evidence should be received is the record of the administrative proceeding. Town of Burlington, supra 790.

> The determination of what is "additional evidence" must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo. A practicable approach, we believe, is that

> an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial. A motion may then be made to allow such a witness to testify within specified limits stating the justification for the testimony. In ruling on the motion, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of an administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing and the conservation of judicial resources. The court should look with a critical eye on a claim, such as made here, that the credibility of a witness is a central issue. The claim of credibility should not be an "open sesame" for additional evidence. Such an approach followed by a pretrial order that identifies who may testify and limits the scope of the testimony will enable the court to avoid a trial de novo. Town of Burlington, supra 791.

Following the directive of the First Circuit Court in Town of Burlington a review of the record in this case clearly reveals that Dr. Harrison Goldman was asked whether she had ever been requested by the Town of Barrington to come into a Barrington School and work with a student. She denied this event had ever occurred. However, she was also asked if she had worked with Barrington students in addition to the plaintiffs' child and she acknowledged she had worked with Barrington children in the past. Consequently, it is presumed that the Town of Barrington would have records which reveal payment to this witness for evaluations she may have done regarding Barrington students, in the past, outside the classroom.

The plaintiffs' attorney cross-examined Dr. Harrison Goldman extensively. The plaintiffs' attorney did not ask this witness any questions regarding contact of any kind she had had with Barrington students prior to this hearing.

The hearing officer found that there was absolutely no contradiction in the witness' testimony. The hearing officer found that the witness did not deny having worked with Barrington students in the past. She just denied that she had actually gone into the Barrington schools to work with students. Accordingly, there is no contradiction or need to delve into school department records pertaining to other students that may have worked with Dr. Harrison Goldman.

The case law that is cited by both parties indicates that this honorable court should look with a "critical eye" on a claim that the credibility of a witness is a central issue. For reasons stated, Dr. Harrison Goldman's credibility is not at issue because she did not testify in a manner that would be inconsistent with records that the Town may possess that indicates she was compensated for working with Barrington students prior to this hearing. Furthermore, it was the student's parents who paid for and requested that Dr. Harrison Goldman work with their child in the instant matter.

Accordingly, the defendants respectfully request that the plaintiffs' motion that additional evidence be taken in the particular case under the circumstances described be denied. The sole purpose of this additional evidence does not, on the record, impeach this witness given her testimony at the hearing. Dr. Harrison Goldman acknowledged working with Barrington students before the hearing. The plaintiffs' lawyer did not ask the witness who paid her for her services previously rendered to students. Accordingly, the existing or non-existence of such records would be irrelevant to this case, unrelated to the credibility of the doctor and potentially invasive of other students' and parents' privacy.

BARRINGTON SCHOOL DEPARTMENT and
DEAN M. HUFF, In His Capacity as Finance
Director for the Town of Barrington,
BY THEIR ATTORNEY,

/s/ John R. Mahoney, Esq.
JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax

CERTIFICATION

I hereby certify that on the 24th day of January, 2008 I electronically filed the within answer to plaintiffs' Complaint with the United States District Court, District of Rhode Island, thereby generating an electronic copy to be sent to Thomas More Dickinson, Esq., 1312 Atwood Avenue, Johnston, RI 02919 by the court.

/s/ John R. Mahoney, Esq.
JOHN R. MAHONEY, ESQ. - #1940